NO.
12-06-00407-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL FROM THE 

 

FOR THE BEST INTEREST          §                      COUNTY COURT AT LAW

 

AND PROTECTION OF
E.K.         §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
E.K. appeals from an order authorizing the Texas Department of Mental Health
and Mental Retardation (the “Department”) to administer psychoactive
medications.  In one issue, E.K. asserts
the evidence is legally and factually insufficient to support the trial court’s
order.  We reverse and render.

                        

Background

            On
November 15, 2006, Dr. Troy Caldwell filed an application for an order to
administer psychoactive medication to E.K. In the application, Caldwell stated
that E.K. was subject to an order dated November 22 for temporary inpatient
mental health services under Section 574.034 of the Texas Health and Safety
Code. Caldwell stated that E.K. had been diagnosed with schizoaffective
disorder and that he wanted the trial court to compel E.K. to take four
psychoactive medications: an antidepressant, an anxoilytic/sedative/hypnotic,
an antipsychotic, and a mood stabilizer. 
Caldwell stated that he believed E.K. lacked the capacity to make a decision
regarding administration of psychoactive medications because he was
disorganized in thought and very illogical. 
Caldwell determined that if E.K. were treated with the medications, his
prognosis would be much improved. However, Caldwell believed that if E.K. were
not administered the medications, he would remain disorganized and
disabled.  Further, Caldwell considered
other medical alternatives to psychoactive medication, but determined that
those alternatives would not be as effective. 
Moreover, Caldwell believed that the benefits of the psychoactive
medications outweighed the risks in relation to present medical treatment and
E.K.’s best interest. 

            On
November 22, the trial court held a hearing on the application. On direct
examination, Caldwell testified that he was E.K.’s treating physician and that
E.K. was currently under an order for temporary mental health services.  He stated that E.K. had verbally, or
otherwise, refused to accept medication voluntarily.  Caldwell believed E.K. lacked the capacity to
make a decision regarding the administration of psychoactive medication and
admitted that E.K. suffered from schizoaffective disorder.  Caldwell stated that he completed the
application for an order to administer psychoactive medication, that the
medications listed in the exhibit attached to the application were in E.K.’s
best interest, and that treatment with these medications was the proper course
of treatment for E.K. Caldwell believed that E.K. would likely benefit from the
medications and that those benefits outweighed any risks.  He testified that there were no less intrusive
means of achieving the same or similar results. 
Further, he stated that E.K.’s stay would likely be shortened if the
medications were administered.

            On
cross examination, Caldwell admitted that E.K. was not currently on any
medications. He decided not to forcibly medicate E.K. before the hearing
because he wanted to show the court  that
E.K. needed medications.  He also
admitted that he did not discuss specific medications with E.K., but discussed
medications in general and the idea of taking medications.  Caldwell did not discuss with E.K. any
treatment with antidepressants, anxoilytics, or sedatives, but believed he
discussed using mood stabilizers. 
Caldwell recalled discussing Haldol with E.K. and that E.K. had some bad
experiences with this medication.  E.K.
also told him that the most effective antipsychotic that he had used in the
past was Seroquel.  However, Caldwell did
not list Seroquel in the exhibit attached to the application. 

            Caldwell
stated that the prison system decided against using its procedure to forcibly
medicate E.K. because Caldwell wanted E.K. to be prescribed psychoactive
medications by the state hospital physicians. 
He testified that E.K. would be mandatorily discharged from the prison
system to a state hospital in San Antonio eight days after the hearing.  He admitted that treating E.K. with  psychoactive medications during that time
would not have much effect.  Caldwell
stated that E.K. would be reevaluated by the state hospital medical team and
all decisions regarding his care would be made by them, including determining
whether he could be discharged and whether he would be medicated.  Caldwell admitted that E.K.’s treating
physicians at the state hospital may differ with him regarding the types of
medications that should be used to treat E.K. 
Caldwell agreed that it is in a patient’s best interest for his treating
physicians to make decisions regarding medication.  On redirect examination, Caldwell testified
that the medications he selected for E.K. were interchangeable with other drugs
and that he only selected a classification of medications.

            E.K.
testified that Caldwell may have talked to him about certain classifications of
medications.  E.K. stated that, in the
past, he had “some very bad experiences” with Haldol, Haldol D, Thorazine,
Mellaril, Geodone, and Prolixin.  He did
not know if he had bad experiences with Loxapine or Zyprexa. E.K. stated that
his only positive experience was when he was treated with Seroquel and that he
had no objections to being treated with that medication.  He could not recall using antidepressants or
mood stabilizers.  E.K. testified that he
would like to discuss his medication regime, if any, with his treating
physicians at the state hospital in San Antonio.  He objected to the application for an order
to administer psychoactive medications because Caldwell did not talk to him and
he had bad experiences with the prescribed medications.

            At
the close of the evidence, the trial court granted the application.  The trial court noted that E.K. had expressed
his wishes regarding psychoactive medications, but only in regard to specific
medications, not the particular categories of medications.  On November 22, after considering all the
evidence, including the application and the expert testimony, the trial court
found that the allegations in the application were true and correct and
supported by clear and convincing evidence. 
Further, the trial court found that treatment with the proposed
medication was in E.K.’s best interest and that E.K. lacked the capacity to
make a decision regarding administration of the medication.  The trial court authorized the Department to
administer to E.K. psychoactive medications, including antidepressants,
antipsychotics, mood stabilizers, and anxiolytics/sedatives/hypnotics.  This appeal followed.

 

Sufficiency
of the Evidence

            In
his sole issue, E.K. argues that the evidence is legally and factually
insufficient to support the trial court’s order to administer psychoactive medications.  More specifically, E.K. contends that the
State failed to show that E.K. lacked the capacity to make a decision regarding
the administration of medication. 
Because Caldwell did not discuss using psychoactive medications with
him, E.K. argues, Caldwell could not determine if E.K. understood the nature
and consequences of these medications. 
Further, he points out that Caldwell did not state why these medications
were in E.K.’s best interest or which of E.K.’s symptoms or behaviors would be
alleviated by the use of these medications. 
The State disagrees.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its findings were true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  We must assume that the
fact finder settled disputed facts in favor of its finding if a reasonable fact
finder could do so and disregard all evidence that a reasonable fact finder
could have disbelieved or found incredible. 
Id.  This does not
mean that we are required to ignore all evidence not supporting the finding
because that might bias a clear and convincing analysis.  Id.

            The
appropriate standard for reviewing a factual sufficiency challenge is whether
the evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the petitioner’s allegations.  In re C.H., 89 S.W.3d 17, 25
(Tex. 2002).  In determining whether the
fact finder has met this standard, we consider all the evidence in the record,
both that in support of and contrary to the trial court’s findings.  Id. at 27-29.  Further, we must consider whether disputed
evidence is such that a reasonable fact finder could not have reconciled that
disputed evidence in favor of its finding. 
In re J.F.C., 96 S.W.3d at 266.  If the disputed evidence is so significant
that a fact finder could not reasonably have formed a firm belief or
conviction, then the evidence is factually insufficient.  Id.

Order to Administer Psychoactive
Medication

            A
trial court may issue an order authorizing the administration of one or more
classes of psychoactive medications to a patient who is under a court order to
receive inpatient mental health services. 
Tex. Health & Safety Code
Ann. § 574.106(a) (Vernon Supp. 2006). 
The court may issue an order if it finds, by clear and convincing
evidence, that  (1) the patient lacks the
capacity to make a decision regarding the administration of the proposed
medication and (2) treatment with the proposed medication is in the best
interest of the patient.  Id.
§ 574.106(a-1). “Capacity” means a patient’s ability to (1) understand the
nature and consequence of a proposed treatment, including the benefits, risks,
and alternatives to the proposed treatment, and (2) make a decision whether to
undergo the proposed treatment.  Tex. Health & Safety Code Ann. §
574.101(1) (Vernon 2003). In making its findings, the trial court shall
consider (1) the patient’s expressed preferences regarding treatment with
psychoactive medication, (2) the patient’s religious beliefs, (3) the risks and
benefits, from the perspective of the patient, of taking psychoactive
medication, (4) the consequences to the patient if the psychoactive medication
is not administered, (5) the prognosis for the patient if the patient is
treated with psychoactive medication, and (6) alternatives to treatment with
psychoactive medication.  Tex. Health & Safety Code Ann. §
574.106(b) (Vernon Supp. 2006).

Analysis

            E.K.
does not dispute that the evidence is legally and factually sufficient to show
that he is under an order for temporary mental health services.  Thus, we will consider whether the evidence
is legally and factually sufficient to support a finding that he lacked the
capacity to make a decision regarding the administration of psychoactive
medications and that treatment with the proposed medications was in his best
interest.  In the application, Caldwell
stated that he believed E.K. lacked the capacity to make a decision regarding
administration of psychoactive medications because he was disorganized in
thought and very illogical. He also determined that if E.K. were not administered
these medications, he would remain disorganized and disabled.  At the hearing, Caldwell testified that E.K.
refused to accept medication voluntarily and that E.K. suffered from
schizoaffective disorder.  However,
Caldwell did not elaborate on his statements in the application and did not
offer any evidence supporting his belief that E.K. lacked the capacity to make
a decision regarding the administration of psychoactive medications.  See Tex.
Health & Safety Code Ann. § 574.106(a-1). Caldwell never testified
that E.K.’s mental illness or his symptoms made him unable to make a decision
whether to undergo the proposed treatment. 
See In re M.S., No. 12-06-00317-CV, 2006 WL 3735110, at *3
(Tex. App.–Tyler Dec. 20, 2006, no pet.) (mem. op., not designated for publication)
(stating that, due to the symptoms of the patient’s mental illness, she was
unable to make a decision whether to undergo the proposed treatment); In
re M.T., No. 12-06-00054-CV, 2006 WL 1791607, at *4 (Tex. App.–Tyler
June 30, 2006, no pet.) (mem. op., not designated for publication) (noting that
the patient’s mental illness precluded her consideration of the taking of the
medication).  E.K.’s testimony did not
show that he was disorganized in thought or illogical. Nothing in the Texas
Health and Safety Code relating to court ordered psychoactive medication
authorizes a trial court to base its findings on the physician’s application. See
In re E.T., 137 S.W.3d 698, 700 (Tex. App.–San Antonio 2004, no
pet.).  Pleadings are not evidence that
the statutory standard has been met. See id. (citing Tex. Health & Safety Code Ann. §
574.031(e) (Vernon 2003)). 

            Regarding
E.K.’s best interest, Caldwell also stated his belief that the medications
listed in the exhibit attached to the application were in E.K.’s best interest,
that he would likely benefit from the medications, and that the benefits of the
psychoactive medications outweighed the risks in relation to present medical
treatment and E.K.’s best interest. At the hearing, Caldwell admitted that E.K.
informed him that he had bad experiences with Haldol. However, Caldwell still
recommended that E.K. should be treated with that medication.  From Caldwell’s testimony, it is not apparent
that he took into account E.K.’s past experiences when he prescribed
medication.  See In re D.H.,
No. 12-04-00181-CV, 2004 WL 2820896, at *4 (Tex. App.–Tyler Dec. 8, 2004,
no pet.) (mem. op., not designated for publication) (noting that the physician
relied upon the patient and treatment team to provide information regarding the
effect medications have had in the past when prescribing medication).  Considering all the evidence in the light
most favorable to the findings, we conclude a reasonable trier of fact could
not have formed a firm belief or conviction that E.K. lacked the capacity to
make a decision regarding administration of the proposed medications and that
treatment with the proposed medications was in his best interest.  See Tex.
Health & Safety Code Ann. § 574.106(a-1); In re J.F.C.,
96 S.W.3d at 266.  Therefore, the
evidence is legally insufficient to support the trial court’s finding based
upon section 574.106(a-1) of the Texas Health and Safety Code.  See Tex.
Health & Safety Code Ann. § 574.106(a-1). Accordingly, we sustain
E.K.’s sole issue as to legal sufficiency.

 

Conclusion

            Based
upon our review of the record, we conclude that the evidence is legally
insufficient to support the trial court’s order to administer psychoactive
medications.  Therefore, we reverse
the trial court’s order and render judgment denying the State’s
application for an order to administer psychoactive medication.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion
delivered May 23, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)